# VALDIVIESO
### *v.*
# THE INSULAR LINE.

San Juan, In Admiralty, No. 277.

ON CLAIM FOR PERSONAL INJURIES.

Admiralty—Hatches.
> 1. If a stevedore knew that hatches were open, and used them, he cannot set up their being open as being negligence.

Stevedore—Common Foreman.
> 2. A stevedore cannot hold a ship responsible for an accident caused by negligence of another stevedore acting under a common foreman with himself.

Opinion filed February 10, 1914.

*Mr. E. Flores Colon* for libellant.

*Mr. N. B. K. Pettingill* for respondent.

HAMILTON, Judge, delivered the following opinion:

The legal questions involved have been settled in an opinion rendered in this case on January 16, 1914, ante, 484.

1. It is not at all clear that leaving the hatches open was negligence on the part of the vessel or her owners; and certainly the libellant knew of the opening, for he used a ladder to de-

VI. Porto Rico—33.

scend through the hatches to the hold, where the accident occurred. He cannot complain, therefore.

2. The proof developed the fact that the libellant was employed by the stevedores who unloaded the cargo, and was subject to the orders of the stevedore foreman. He was placed where the injury occurred, by this foreman, and the injury was caused by the fall of a box which was being handled by the stevedores. Under these circumstances, the principle of Paulsen v. Feroglio and note (46 L.R.A.(N.S.) 629 [73 Wash. 417, 131 Pac. 1163]) does not apply. It is difficult to see how the ship could be held responsible to a stevedore for the acts of another stevedore, both under the same foreman. Following the principles laid down in the former opinion, the libel must be dismissed.

It is so ordered.